Jeffrey V. Hernandez (SB 180165)
Ivan Ventura-Lopez (SB 255743)
HERNANDEZ LEGAL GROUP
1000 E. Walnut Blvd., Suite 233
Pasadena, CA  91106
Telephone (626) 737-1305
Fax (888) 275-8329
jhernandez@hernandezlegalgroup.com

Attorneys for Debtor

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Bk. No. <u>02:11-46319-BR</u> |
| RENITA ENDRELL FERRIS-NORMAN, | |
| Debtor. | **MODIFIED** SEVENTH AMENDED CHAPTER 11 PLAN |
| | **Disclosure Statement Hearing** |
| | Date:  December 12, 2012<br>Time:  10:00 a.m.<br>Ctrm:  1668<br>        255 E. Temple Street<br>        Los Angeles, CA  90012 |
| | **Plan Confirmation Hearing** |
| | Date:  March 19, 2013<br>Time:  10:00 a.m.<br>Ctrm:  1668<br>        255 E. Temple Street<br>        Los Angeles, CA  90012 |

I.    INTRODUCTION ................................................................................................................ 4

II.   CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS ...................... 4

      A.   General Overview ................................................................................................... 4

      B.   Unclassified Claims ............................................................................................... 4

           1.   Administrative Expenses ............................................................................. 5

           2.   Priority Tax Claims ..................................................................................... 6

      C.   Classified Claims and Interests ............................................................................. 6

           1.   Classes of Secured Claims .......................................................................... 6

           2.   Section 1111(b) Election ........................................................................... 15

           3.   Classes of Priority Unsecured Claims ....................................................... 16

           4.   Class of General Unsecured Claims .......................................................... 17

      D.   Means of Performing the Plan .............................................................................. 18

           1.   Funding for the Plan .................................................................................. 18

           2.   Post-Confirmation Management ................................................................ 18

           3.   Disbursing Agent ...................................................................................... 18

           4.   Taxes and Insurance to be maintained on all Properties ........................... 18

III.  TREATMENT OF MISCELLANEOUS ITEMS ............................................................. 19

      A.   Executory Contracts and Unexpired Leases ......................................................... 19

           1.   Assumptions .............................................................................................. 19

           2.   Rejections .................................................................................................. 20

      B.   Changes in Rates Subject to Regulatory Commission Approval ........................... 20

      C.   Retention of Jurisdiction ...................................................................................... 20

IV.   EFFECT OF CONFIRMATION OF PLAN ..................................................................... 2120

      A.   Discharge .............................................................................................................. 2120

      B.   Automatic Stay ..................................................................................................... 21

      C.   Revesting of Property in the Debtor ...................................................................... 2221

2

D.    Modification of Plan...................................................................................................... 2221

E.    Post-Confirmation Status Report.................................................................................. 22

F.    Quarterly Fees ............................................................................................................. 22

G.    Post-Confirmation Conversion/Dismissal .................................................................... 2322

H.    Final Decree ................................................................................................................ 2423

EXHIBIT A – UNEXPIRED Non-Residential LEASES TO BE ASSUMED ............................ 25

EXHIBIT B – EXECUTORY CONTRACTS TO BE ASSUMED............................................... 26

EXHIBIT C – PLAN BUDGET FOR 2012-2016.................................................................... 27

# I.    **INTRODUCTION**

Renita Endrell Ferris-Norman is the Debtor in a Chapter 11 bankruptcy case. On August 25, 2011, Renita Ferris-Norman filed a voluntary Chapter 11 petition under the United States Bankruptcy Code ("Bankruptcy Code"), 11 U.S.C. § 101 et seq.  This document is the Chapter 11 Plan ("Plan") proposed by Renita Ferris-Norman ("Plan Proponent").  Sent to you in the same envelope as this document is the Disclosure Statement which has been approved by the Court, and which is provided to help you understand the Plan.

This is a reorganizing plan.  In other words, the Proponent seeks to accomplish payments under the Plan by reorganizing her business.  The Effective Date of the proposed Plan is eleven days after the confirmation of the Plan.

# II.    **CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS**

**A.    General Overview**

As required by the Bankruptcy Code, the Plan classifies claims and interests in various classes according to their right to priority of payments as provided in the Bankruptcy Code.  The Plan states whether each class of claims or interests is impaired or unimpaired.  The Plan provides the treatment each class will receive under the Plan.

**B.    Unclassified Claims**

Certain types of claims are not placed into voting classes; instead they are unclassified.  They are not considered impaired and they do not vote on the Plan because they are automatically entitled to specific treatment provided for them in the

Bankruptcy Code.  As such, the Proponent has <u>not</u> placed the following claims in a class.  The treatment of these claims is provided below.

**1.      Administrative Expenses**

Administrative expenses are claims for costs or expenses of administering the Debtor's Chapter 11 case which are allowed under Code Section 507(a)(1).  The Code requires that all administrative claims be paid on the Effective Date of the Plan, unless a particular claimant agrees to a different treatment.

The following chart lists <u>all</u> of the Debtor's § 507(a)(1) administrative claims and their treatment under this Plan.

| <u>Name</u> | <u>Amount Owed</u> | <u>Treatment</u> |
|---|---|---|
| Hernandez Legal Group | $60,000 | Payment in Plan at $1,000 per month for est. 60 months. |
| Appraiser | | Paid in Full before the Effective Date. |
| Clerk's Office Fees | | Paid in full on Effective Date |
| Office of the U.S. Trustee Fees | | Paid in full on Effective Date |
| TOTAL | $60,000 | |

<u>Court Approval of Fees Required:</u>

The Court must approve all professional fees listed in this chart.  For all fees except Clerk's Office fees and U.S. Trustee's fees, the professional in question must file and serve a properly noticed fee application and the Court must rule on the application. Only the amount of fees allowed by the Court will be required to be paid under this Plan.

**2.    Priority Tax Claims**

Priority tax claims are certain unsecured income, employment and other taxes described by Code Section 507(a)(8).  The Code requires that each holder of such a 507(a)(8) priority tax claim receive the present value of such claim in deferred cash payments, over a period not exceeding six years from the date of the assessment of such tax.

The following chart lists all of the Debtor's Section 507(a)(8) priority tax claims and their treatment under this Plan:

| | |
|---|---|
| Creditor: | Los Angeles County Property Tax Collector |
| Claim Amount: | $11,927.03 (see filed Claim #12) |
| Treatment: | Paid During the 60 month Plan in equal installments of $198.78 at zero percent interest.  On the table labeled Exhibit D, the monthly installments will be allocated to the associated property. |

**C.    Classified Claims and Interests**

**1.    Classes of Secured Claims**

Secured claims are claims secured by liens on property of the estate.  The following chart lists all classes containing Debtor's secured pre-petition claims and their treatment under this Plan (according to the table labeled Exhibit D) the interest rates on the first loans (that qualify) will be bifurcated to their current secured value and that total new loan amount will be amortized over 40 years at 5.00 - 5.25%, or at their existing interest rate;  in addition, the second and third deeds of trusts which are unsecured liens will be reclassified as unsecured:

| CLASS# | DESCRIPTION | INSIDERS (Y/N) | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|---|
| 1 | FIRST Secured Claim of: **2037 Pine Hurst Lane Hawthorne, CA 90250** **(Debtor's Personal Residence)** Name = Wachovia Bank ● Collateral description = Single Family Residence and Primary House ● Collateral value = $240,000 ● Priority of security int. = 1st Lien ● Principal owed = $421,293 ● Pre-pet. arrearage amount = $60,000 Estimated ● Post-pet. arrearage amount = $10,026 Est. ● Total claim amount = $489,293 Estimated (No Claim filed) | No | Yes; due to the financing of the arrearage during the Plan. Claims in this class are entitled to vote on the Plan | ● Pmt Interval = monthly ● Pmt amt = $2,111 ● Balloon pmt = None ● Begin date = Month 1 ● End date = Month 60 ● Interest rate % = 4.33% ● Treatment of Lien = Secured unimpaired, with entire pre- and post-petition arrearage repaid during Plan at 4.33% |
| 2 | FIRST Secured Claim of: **10282 Humbolt Street Los Alamitos, CA 90720** ● Name = Bank of America/US Bank ● Collateral description = Single Family Residence ● Collateral value = $705,000 ● Priority of security int. = 1st Lien ● Principal owed = $722,062 | No | No. | ● Pmt Interval = monthly ● Pmt amt = $4,750 ● Balloon pmt = None ● Begin date = Month 1 ● End date = Month60 ● Interest rate % = 6.875 % ● Treatment of Lien = Secured unimpaired. |

| | | | | |
|---|---|---|---|---|
| | • Pre-pet. arrearage amount = $239,290<br><br>• Post-pet. arrearage amount =$42,750 Est.<br><br>• Total claim amount = $886,375 | | | |
| 2A | FIRST Secured Claim of:<br>**10282 Humbolt Street**<br>**Los Alamitos, CA 90720**<br><br>• Name =  Bank of America/US Bank<br><br>• Collateral description = Single Family Residence<br><br>• Collateral value = $705,000<br><br>• Priority of security int. =  1st Lien<br><br>• Arrearage amount = $**393,904.42**~~300,000~~ | No | Yes; claims in this class are entitled to vote on the Plan | • Pmt Interval = monthly<br>• Pmt amt =$~~1,970.79~~2,587.67<br>• Balloon pmt = None<br>• Begin date = Month 1<br>• End date = Month 360<br>• **Interest rate %  = 6.875%**<br>• Arrearage amount amortized with monthly payments over 30 Years at fixed rate of 6.875 %. |
| 3 | • Name =  Bank of America/US Bank<br>• Collateral description = Single Family Residence<br>• Collateral value = $705,000<br>• Priority of security int. =  1st Lien<br>• Principal owed = $722,062<br>• Pre-pet. arrearage amount = $239,290<br>• Post-pet. arrearage amount =$42,750 Est.<br>• Total claim amount = $886,375<br><br>• Total claim amount = $ 243,124 | No | Yes; claims in this class are entitled to vote on the Plan | • Pmt Interval = monthly<br>• Pmt amt = $0<br>• Balloon pmt = None<br>• Begin date = N/A<br>• End date = N/A<br>• Interest rate % = 0%<br>• Treatment of Lien = Secured impaired 100% due to complete reclassification as unsecured lien. |

| | | | | |
|---|---|---|---|---|
| 4 | FIRST Secured Claim of:<br>**2111 3rd Ave.**<br>**Los Angeles, CA  90003**<br><br>● Name = Wachovia Bank<br>● Collateral description = 4 Unit Complex<br><br>● Collateral value = $525,000<br>● Priority of security int. = 1st Lien<br>● Principal owed = $630,220<br>● Pre-pet. arrearage amount = $110,583<br>● Post-pet. arrearage amount = $28,539 Est.<br>● Total claim amount = $750,444 | No | Yes; claims in this class are entitled to vote on the Plan | ● Pmt Interval = monthly<br>● Pmt amt =$3,171<br>● Balloon pmt = None<br>● Begin date = Month 1<br>● End date = Month 480<br>● Interest rate %  = 5.25 %<br>● Treatment of Lien = Secured impaired, loan value will be bifurcated according to stipulation to current FMV, and amortized over 40 Years at fixed rate of 5.25%.<br>● Treatment of pre- and post-petition arrearage to be treated as unsecured as per stipulation. |
| 5 | SECOND Secured Claim of:<br>**2111 3nd Ave.**<br>**Los Angeles, CA  90003**<br><br>● Name = William Drake<br>● Collateral description = 4 Unit Complex<br><br>● Collateral value = $0<br>● Priority of security int. = 2nd Lien<br>● Principal owed = $50,000<br>● Pre-pet. arrearage amount = Est. $45,000<br>● Post-pet. arrearage amount = Est. $2,830<br>● Total claim amount = None Filed, Est. $50,000. | No | Yes; claims in this class are entitled to vote on the Plan | ● Pmt Interval = monthly<br>● Pmt amt = $0<br>● Balloon pmt = None<br>● Begin date = N/A<br>● End date = N/A<br>● Interest rate %= 0%<br>● Treatment of Lien = Secured impaired 100% due to complete reclassification as unsecured lien. |
| 6 | FIRST Secured Claim of:<br>**1110-1112 ½ W. 42nd Street**<br>**Los Angeles, CA 90018**<br><br>● Name = Bank of America<br>● Collateral description = 4 Unit Complex<br><br>● Collateral value = $322,700<br>● Priority of | No | Yes; claims in this class are entitled to vote on the Plan | ● Pmt Interval = monthly<br>● Pmt amt =$1,733<br>● Balloon pmt = None<br>● Begin date = Month 1<br>● End date = Month 360<br>● Interest rate % = 5.00 %<br>● Treatment of Lien = Secured impaired, loan value amortized over 30 Years at fixed rate of 5.00%. |

| | | | |
|---|---|---|---|
| security int. =  1ˢᵗ Lien<br>● Principal owed = $523,579<br>● Pre-pet. arrearage amount = $47,234<br>● Post-pet. arrearage amount =$16,497<br>● Total claim amount = 720,813. | | | ● Treatment of pre- and post-petition arrearage to be treated as unsecured as per stipulation. |
| 7 | SECOND Secured Claim of:<br>**1110-1112 ½ W. 42ⁿᵈ Street Los Angeles, CA 90018**<br>● Name =  Chase<br>● Collateral description = 4 Unit Complex<br>● Collateral value = $0<br>● Priority of security int. =  2ⁿᵈ Lien<br>● Principal owed = $24,862<br>● Pre-pet. arrearage amount = $238.<br>● Post-pet. arrearage amount =$300.<br>● Total claim amount = $25,162. | No | Yes; claims in this class are entitled to vote on the Plan | ● Pmt Interval = monthly<br>● Pmt amt = $0<br>● Balloon pmt = None<br>● Begin date = N/A<br>● End date = N/A<br>● Interest rate % = 0%<br>● Treatment of Lien = Secured impaired 100% due to complete reclassification as unsecured lien. |
| 8 | THIRD Secured Claim of:<br>**1110-1112 ½ W. 42ⁿᵈ Street Los Angeles, CA 90018**<br>● Name =  William Drake<br>● Collateral description =  4 Unit Complex<br>● Collateral value = $0<br>● Priority of security int. =  3ʳᵈ Lien<br>● Principal owed = $25,000<br>● Pre-pet. arrearage amount = Est. $9,000<br>● Post-pet. arrearage amount = Est. $500<br>● Total claim amount = None Filed, Est. $25,000. | No | Yes; claims in this class are entitled to vote on the Plan | ● Pmt Interval = monthly<br>● Pmt amt = $0<br>● Balloon pmt = None<br>● Begin date = N/A<br>● End date = N/A<br>● Interest rate % = 0%<br>● Treatment of Lien = Secured impaired 100% due to complete reclassification as unsecured lien. |
| 9 | FIRST Secured Claim of:<br>**2738 W. 94ᵗʰ Street Los Angeles, CA 90018** | No | Yes; claims in this class | ● Pmt Interval = monthly<br>● Pmt amt =$1,419 |

| | | | | |
|---|---|---|---|---|
| | ● Name = America Servicing Com.<br><br>● Collateral description = Single Family Residence<br><br>● Collateral value = $ 310,000<br><br>● Priority of security int. = 1st Lien<br><br>● Principal owed = $420,000.<br><br>● Pre-pet. arrearage amount = $37,396.<br><br>● Post-pet. arrearage amount = $12,771.<br><br>● Total claim amount = $454,567. | | are entitled to vote on the Plan | ● Balloon pmt = None<br>● Begin date = Month 1<br>● End date = Month 480<br>● **Current Interest rate % = 2.75 %**<br>● Treatment of Lien = Secured impaired, loan value will be bifurcated to current FMV, and amortized over 30 Years at fixed current rate of 2.75%.<br>● Treatment of pre- and post-petition Arrearage to be treated as unsecured. |
| 10 | SECOND Secured Claim of: **2738 W. 94th Street Los Angeles, CA 90018**<br>● Name = Chase Bank, N.A.<br>● Collateral description = Single Family Residence<br><br>● Collateral value = $0<br>● Priority of security int. = 2nd Lien<br>● Principal owed = $106,605.<br>● Pre-pet. arrearage amount = $1,071.<br>● Post-pet. arrearage amount = Est. $776<br>● Total claim amount = $107,675. | No | Yes; claims in this class are entitled to vote on the Plan | ● Pmt Interval = monthly<br>● Pmt amt = $0<br>● Balloon pmt = None<br>● Begin date = N/A<br>● End date = N/A<br>● Interest rate %= 0%<br>● Treatment of Lien = Secured impaired 100% due to complete reclassification as unsecured lien. |
| 11 | FIRST Secured Claim of: 869 Jefferson Ave. East Point, GA 30344<br>● Name = Aurora Loan Servicing<br>● Collateral description = 2 Unit Complex | No | No; The property will be surrendered. | ● Pmt Interval = None<br>● Pmt amt =$0<br>● Balloon pmt = N/A<br>● Begin date = N/A<br>● End date = N/A<br>● **Interest rate %= N/A**<br>● Treatment of Lien = Property to be surrendered. |

|  |  |  |  |  |
|---|---|---|---|---|
|  | • Collateral value = $55,000<br>• Priority of security int. = 1st Lien<br>• Principal owed = $136,447<br>• Pre-pet. arrearage amount = Est. $7,000<br>• Post-pet. arrearage amount = Est. $2,700.<br>• Total claim amount = None filed, Est.$140,000. |  |  |  |
| 12 | SECOND Secured Claim of: 869 Jefferson Ave. East Point, GA 30344<br><br>•Name = Deutsche Bank<br>•Collateral description = 2 Unit Complex<br>•Collateral value = $0<br>•Priority of security int. = 2nd Lien<br>•Principal owed = $100,000 est.<br>•Pre-pet. arrearage amount = $9,000 est.<br>•Post-pet. arrearage amount = $1,000 est.<br>•Total claim amount = None filed, Est.$110,000 | No | No; The property will be surrendered. | • Pmt Interval = monthly<br>• Pmt amt = $0<br>• Balloon pmt = None<br>• Begin date = N/A<br>• End date = N/A<br>• Interest rate % = 0%<br>• Treatment of Lien = Property to be surrendered. |
| 13 | FIRST Secured Claim of: 879 Jefferson Ave. East Point, GA 30344<br>•Name = Aurora Loan Servicing<br>•Collateral description = 2 Unit Complex<br>•Collateral value = $55,000<br>•Priority of security int. = 1st Lien<br>•Principal owed = $136,447<br>•Pre-pet. arrearage amount = $6,955.<br>•Post-pet. arrearage amount = $2,790.<br>•Total claim amount = $141,739. | No | No; The property will be surrendered. | • Pmt Interval = None<br>• Pmt amt = $0<br>• Balloon pmt = N/A<br>• Begin date = N/A<br>• End date = N/A<br>• Interest rate % = N/A<br>• Treatment of Lien = Property to be surrendered. |
| 14 | SECOND Secured Claim of: 879 Jefferson Ave. East Point, GA 30344<br>Name = Deutsche Bank<br>• Collateral | No | No; The property will be surrendered. | • Pmt Interval = monthly<br>• Pmt amt = $0<br>• Balloon pmt = None<br>• Begin date = N/A |

| | | | | |
|---|---|---|---|---|
| description = 2 Unit Complex<br>● Collateral value = $0<br>● Priority of security int. = 2nd Lien<br>● Principal owed = $100,000 est.<br>● Pre-pet. arrearage amount = Est. $9,000<br>● Post-pet. arrearage amount = $1,000 est.<br>● Total claim amount = None filed, Est.$110,000 | | | | ● End date = N/A<br>● Interest rate % = 0%<br>● Treatment of Lien = Property to be surrendered. |

All plan intervals are monthly.  The start and maturity dates for the payments described above are calculated from the first complete month following the confirmation of the plan.  The payments proposed are level payments for principal and interest with no set ups or balloon payments during the payment periods. The following are a summary of the monthly principal and interest payments to the first lien holders:

| | |
|---|---|
| **2037 Pine Hurst Lane, Hawthorne, CA 90250** | $2,111 |
| **10282 Humbolt Street, Los Alamitos, CA 90720** | $4,750 +<br>$2,587.67 |
| **2738 W. 94th Street Los Angeles, CA 90018** | $1,419 |
| **2111 3rd Ave. , Los Angeles, CA  90003** | $3,171 |
| **1110-1112 ½ W. 42nd Street Los Angeles, CA 90018** | $1,732.32 |

There are no impound accounts and the Plan has budgeted to pay monthly

property taxes and insurance payments for all the properties in the amounts as

follows:

<u>TAXES</u>

| | |
|---|---|
| **2037 Pine Hurst Lane, Hawthorne, CA 90250** | $350 |
| **10282 Humbolt Street, Los Alamitos, CA 90720** | $750 |
| **2738 W. 94th Street Los Angeles, CA 90018** | $363 |
| **2111 3rd Ave. , Los Angeles, CA  90003** | $216 |
| **1110-1112 ½ W. 42nd Street Los Angeles, CA 90018** | $517 |

<u>INSURANCE</u>

| | |
|---|---|
| **2037 Pine Hurst Lane, Hawthorne, CA 90250** | $60 |
| **10282 Humbolt Street, Los Alamitos, CA 90720** | $150 |
| **2738 W. 94th Street Los Angeles, CA 90018** | $60 |
| **2111 3rd Ave. , Los Angeles, CA  90003** | $120 |
| **1110-1112 ½ W. 42nd Street Los Angeles, CA 90018** | $60 |

14

**2.      Section 1111(b) Election**

Section 1111(b) provides a powerful alternative for undersecured creditors, by allowing them to elect to have the claim treated under section 1111(b)(2) "as a secured claim to the extent that such claim is allowed," notwithstanding section 506(a).  This means that the creditor may elect to waive its unsecured deficiency claim while having a secured claim for the face amount of the claim, not the lesser value of the collateral.

When the election is made, the lien will be retained in the full amount of the claim. The fact that the stream of payments as provided in the plan meets the sum of the payments requirement would be sufficient if the stream of payments is made, but if the property is sold early – whether voluntarily or by foreclosure upon default, or by paid off early – the payments must still total the required amount.

Therefore, for creditors electing section 1111(b) the this Plan will provide for a "section 1111(b) premium" in the event of an early payoff or sale that would bring the total paid up to the face amount of the allowed secured claim, and will provide for a stream of payments "in the face amount of the electing creditor's allowed claim . . . but with a below-market rate of interest such that the present value of the stream payments would still only be the present value of the collateral."

At the time of the approval of the disclosure, only one creditor had made the Section 1111(b) election: Bank of America N.A. first secured lender for the property located at 1110-1112 ½ W. 42nd St., Los Angeles, California.  On January 16, 2013 negotiations of a stipulation were concluded that withdrawal the 1111(b) election by Bank

of America N.A.  The stipulation provides for a premium of 5% of the value of the collateral ($322,700.00) or an additional $16,135.00 to be paid by the Debtor should the Debtor seek to pay-off the loan in Class 6 to Secured Creditor Bank of America N.A. within five years of the Effective Date of the Plan.  The stipulation provides for fixed payments with no balloon or step-up in payments commencing on the first day of the month following the Effective Date of the Plan and shall continue on the first day of each month thereafter for 360 months.  The stipulation provides that any post-petition advances made by the Secured Creditor Bank of America N.A. for real estate taxes and insurance applicable to the collateral incurred through the Effective Date of the Plan shall be paid by the Debtor within 60 days of the Effective Date of the Plan.  Any past due taxes, if any, shall be paid through the Plan as a priority debt.  In addition, the stipulation provides that the Debtor will be responsible for any post-petition taxes and insurance applicable to the Class 6 Secured Claim and except as modified by the Plan, the terms of the original loan contract shall remain in force.  This will lower the unsecured payout to 1.5%.

**3.    Classes of Priority Unsecured Claims**

Certain priority claims that are referred to in Code Sections 507(a)(3), (4), (5), (6), and (7) are required to be placed in classes.  These types of claims are entitled to priority treatment as follows: the Code requires that each holder of such a claim receive cash on the Effective Date equal to the allowed amount of such claim.  However, a class of unsecured priority claim holders may vote to accept deferred cash payments of a value, as of the Effective Date, equal to the allowed amount of such claims.

The following chart lists all classes containing Debtor's 507(a)(3), (4), (5), (6), and (7) priority unsecured claims and their treatment under this Plan: <u>None.</u>

**4.    Class of General Unsecured Claims**

General unsecured claims are unsecured claims not entitled to priority under Code Section 507(a).  The following chart identifies this Plan's treatment of the class containing <u>all</u> of Debtor's pre-petition general unsecured scheduled claims:

| CLASS # | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT | |
|---|---|---|---|---|
| 15 | General unsecured claims <br><br>• Total amt of Scheduled claims = $1,033,756 | Yes; claims in this class are entitled to vote on the Plan | • Pymt interval <br>• Pymt amt/interval <br>• Begin date <br>• End date <br>• Interest rate <br>• Total payout **1.5**% | = monthly <br>=$ 250 <br>= Month 1 <br>=Month 60 <br>=0% <br>= $15,000 |

The Debtor is an individual, and the Debtor is the interest holder. The following chart identifies this Plan's treatment of the class of interest holders:

| CLASS # | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|
| 16 | Debtor | **Yes** | Total Payout = 0% |

**D.    Means of Performing the Plan**

**1.    Funding for the Plan**

The Plan will be funded by the following: from the cash collateral rents collected from the Properties and the Debtor's salary as a teacher.

**2.    Post-Confirmation Management**

The Debtor will continue to manage the Properties located in California post confirmation. The two properties in Georgia will be surrendered.

**3.    Disbursing Agent**

Debtor shall act as the disbursing agent for the purpose of making all distributions provided for under the Plan.  The Disbursing Agent shall serve without bond and shall receive nothing for distribution services rendered and expenses incurred pursuant to the Plan.

**4.    Taxes and Insurance to be maintained on all Properties**

The Debtor shall ensure that all the property taxes for each Property are paid during the term of each secured loan term under this Plan.  Any amounts advanced by any secured creditor for post-petition taxes or insurance will be paid by the Debtor prior to the Effective Date.  The Debtor shall ensure that the property insurance premiums are paid for each Property and the insurance policies to remain in force during the term of each secured loan term under this Plan.

There are no impound accounts and the Plan has budgeted to pay monthly property taxes and insurance payments for all the properties in the amounts as follows:

**TAXES**

| | |
|---|---|
| **2037 Pine Hurst Lane, Hawthorne, CA 90250** | $350 |
| **10282 Humbolt Street, Los Alamitos, CA 90720** | $750 |
| **2738 W. 94th Street Los Angeles, CA 90018** | $363 |
| **2111 3rd Ave. , Los Angeles, CA  90003** | $216 |
| **1110-1112 ½ W. 42nd Street Los Angeles, CA 90018** | $517 |

**INSURANCE**

| | |
|---|---|
| **2037 Pine Hurst Lane, Hawthorne, CA 90250** | $60 |
| **10282 Humbolt Street, Los Alamitos, CA 90720** | $150 |
| **2738 W. 94th Street Los Angeles, CA 90018** | $60 |
| **2111 3rd Ave. , Los Angeles, CA  90003** | $120 |
| **1110-1112 ½ W. 42nd Street Los Angeles, CA 90018** | $60 |

## III.    TREATMENT OF MISCELLANEOUS ITEMS

**A.    Executory Contracts and Unexpired Leases**

**1.    Assumptions**

The following are the unexpired commercial leases and executory contracts to be assumed as obligations of the reorganized Debtor under this Plan: **None**.  <u>All the residential leases associated with the rental properties will be assumed.</u>

**2.    Rejections**

On the Effective Date, the following executory contracts and unexpired leases will be rejected: **None.**

The order confirming the Plan shall constitute an order approving the rejection of the lease or contract.  If you are a party to a contract or lease to be rejected and you object to the rejection of your contract or lease, you must file and serve your objection to the Plan within the deadline for objecting to the confirmation of the Plan.  See Disclosure Statement for the specific date.

**THE BAR DATE FOR FILING A PROOF OF CLAIM IN THIS CASE WAS July 11, 2012.**  Any claim based on the rejection of an executory contract or unexpired lease will be barred if the proof of claim is not timely filed, unless the Court later orders otherwise.

**B.    Changes in Rates Subject to Regulatory Commission Approval**

This Debtor is not subject to governmental regulatory commission approval of its rates.

**C.    Retention of Jurisdiction**

The Court will retain jurisdiction to the extent provided by law.

## IV.    **EFFECT OF CONFIRMATION OF PLAN**

**A.    Discharge**

This Plan provides that upon payment in full of proposed plan payments to the

unsecured creditors, at the end of 60 months, the Debtor shall be discharged of

liability for payment of debts incurred before confirmation of the Plan, to the extent

specified in 11 U.S.C. § 1141. However, the discharge will not discharge any liability

imposed by the Plan.  In addition, upon confirmation of the Plan, for accounting

purposes the secured liens classified as unsecured by Plan due to lack of equity will

be reduced to the secured portion defined in the Plan, prior to the discharge order

the entire original secured amount shall remain a secured obligation of the

associated properties of the Debtor. Upon the discharge order being entered, the

secured loan amounts and terms will be permanently adjusted according to the Plan.

That the discharge of the Chapter 11 case be concurrent with the entry of the final

decree.

**B.    Automatic Stay**

Upon the Confirmation of the Plan the Court shall issue an automatic stay order

on all of the property of the estate; excluding the two properties in Georgia which will be

surrendered.  The automatic stay shall not apply to Class 6 Secured Creditor, but rather

the definitions of "material default" and the default provision provided for in section IV G

shall apply instead.

**C.      Revesting of Property in the Debtor**

Except as provided elsewhere in the Plan, the confirmation of the Plan revests all of the property of the estate in the Debtor.

**D.      Modification of Plan**

The Proponent of the Plan may modify the Plan at any time before confirmation. However, the Court may require a new disclosure statement and/or revoting on the Plan if proponent modifies the plan before confirmation.

The Proponent of the Plan may also seek to modify the Plan at any time after confirmation so long as (1) the Plan has not been substantially consummated <u>and</u> (2) if the Court authorizes the proposed modifications after notice and a hearing.

**E.      Post-Confirmation Status Report**

Within 120 days of the entry of the order confirming the Plan, Plan Proponent shall file a status report with the Court explaining what progress has been made toward consummation of the confirmed Plan.  The status report shall be served on the United States Trustee, the twenty largest unsecured creditors, and those parties who have requested special notice.  Further status reports shall be filed every 120 days and served on the same entities.

**F.      Quarterly Fees**

Quarterly fees accruing under 28 U.S.C. § 1930(a)(6) to date of confirmation shall be paid to the United States Trustee on or before the effective date of the plan.  Quarterly fees accruing under 28 U.S.C. § 1930(a)(6) after confirmation shall be paid to the United

States Trustee in accordance with 28 U.S.C. § 1930(a)(6) until entry of a final decree, or entry of an order of dismissal or conversion to chapter 7.

**G.     Post-Confirmation Conversion/Dismissal**

<u>Creditor Actions Restrained</u>. Creditors may not take any action to enforce either pre-confirmation obligations or obligations under the Plan, so long as the Debtor is not in Material Default under the Plan. If the Debtor is in Material Default under the Plan, then affected creditors may; (i) take any action permitted under non-bankruptcy law to enforce the terms of the Plan; or (ii) move to dismiss the case or to convert this case to a Chapter 7 case.

<u>Material Default Defined</u>.   If Debtor fails to make any payment required under the Plan or to perform any other obligation required under the Plan, the affected creditor may serve upon the Debtor and the Debtor's attorney (if any) a written notice of the default. The Debtor is in "Material Default" under the Plan if the Debtor fails within 21 days of the service of such notice of default either: (i) to cure the default; or (ii) to obtain from the Court an extension of time to cure the default or a determination that no default occurred.

A creditor or party in interest may bring a motion to convert or dismiss the case under § 1112(b), after the Plan is confirmed, if there is a default in performing the Plan. If the Court orders the case converted to Chapter 7 after the Plan is confirmed, then all property that had been property of the Chapter 11 estate, and that has not been disbursed pursuant to the Plan, will revest in the Chapter 7 estate, and the automatic stay will be reimposed upon the revested property only to the extent that relief from stay was not previously granted by the Court during this case.

**H.     Final Decree**

Once the estate has been fully administered as referred to in Bankruptcy Rule 3022, the Plan Proponent, or other party as the Court shall designate in the Plan Confirmation Order, shall file a motion with the Court to obtain a final decree to close the case.


Date:      April 30, 2013~~April 5, 2013~~

/s/ Renita Endrell Ferris-Norman

Signature of Party

Renita Endrell Ferris-Norman

Name of Plan Proponent

/s/ Jeffrey V. Hernandez

Signature of Attorney for Plan Proponent

Jeffrey V. Hernandez

Name of Attorney for Plan Proponent

HERNANDEZ LEGAL GROUP

Name of Law Firm for Plan Proponent

**EXHIBIT A – UNEXPIRED Non-Residential LEASES TO BE ASSUMED**

None.

**EXHIBIT B – EXECUTORY CONTRACTS TO BE ASSUMED**

None.

# EXHIBIT C – PLAN BUDGET FOR 2012-2016

| | Monthly | 2012 | 2013 | 2014 | 2015 | 2016 |
|---|---|---|---|---|---|---|
| **Monthly Income - Assuming No Rental Increase** | | | | | | |
| School Teacher Income 5% Annual Increase | 6,400 | 76,800 | 80,640 | 84,672 | 88,906 | 93,351 |
| State of California | 700 | 8,400 | 8,400 | 8,400 | 8,400 | 8,400 |
| Sub-Total | 7,100 | 85,200 | 89,040 | 93,072 | 97,306 | 101,751 |
| Humbolt Rents | 5,500 | 66,000 | 66,000 | 66,000 | 66,000 | 66,000 |
| 94th Street Rents | 2,500 | 30,000 | 30,000 | 30,000 | 30,000 | 30,000 |
| 2111 3rd Ave Rents | 4,272 | 51,264 | 51,264 | 51,264 | 51,264 | 51,264 |
| 1110 W. 42nd Street Rents | 5,606 | 67,272 | 67,272 | 67,272 | 67,272 | 67,272 |
| **Total Rental Collected** | 17,878 | 214,536 | 214,536 | 214,536 | 214,536 | 214,536 |
| **Rental after 5% Vac loss** | 16,984 | 203,809 | 203,809 | 203,809 | 203,809 | 203,809 |
| **TOTAL INCOME** | 24,084 | 289,009 | 292,849 | 296,881 | 301,115 | 305,560 |
| **Monthly Expenses** | | | | | | |
| Taxes | | | | | | |
| Pine Hurst | 350 | 4,200 | 4,200 | 4,200 | 4,200 | 4,200 |
| Humbolt | 750 | 9,000 | 9,000 | 9,000 | 9,000 | 9,000 |
| 94th St | 363 | 4,356 | 4,356 | 4,356 | 4,356 | 4,356 |
| 3rd Ave | 216 | 2,592 | 2,592 | 2,592 | 2,592 | 2,592 |
| W. 42nd | 517 | 6,204 | 6,204 | 6,204 | 6,204 | 6,204 |
| Insurance | | | | | | |
| Pine Hurst | 60 | 720 | 720 | 720 | 720 | 720 |
| Humbolt | 150 | 1,800 | 1,800 | 1,800 | 1,800 | 1,800 |
| 94th St | 60 | 720 | 720 | 720 | 720 | 720 |
| 3rd Ave | 120 | 1,440 | 1,440 | 1,440 | 1,440 | 1,440 |
| W. 42nd | 60 | 720 | 720 | 720 | 720 | 720 |
| Legal | 1,000 | 12,000 | 12,000 | 12,000 | 12,000 | 12,000 |
| Accounting (Tax returns) | 50 | 600 | 600 | 600 | 600 | 600 |
| | | | - Assuming | 3% Annual | Increase | for expenses in box |
| Gas | 85 | 1,020 | 1,051 | 1,082 | 1,115 | 1,148 |
| Electricity | 145 | 1,740 | 1,792 | 1,846 | 1,901 | 1,958 |
| Water | 550 | 6,600 | 6,798 | 7,002 | 7,212 | 7,428 |
| Rubbish | 79 | 948 | 976 | 1,006 | 1,036 | 1,067 |

| | | | | | | |
|---|---|---|---|---|---|---|
| Gardener | 200 | 2,400 | 2,472 | 2,546 | 2,623 | 2,701 |
| Car Note | 450 | 5,400 | 5,562 | 5,729 | 5,901 | 6,078 |
| Car Insurance | 115 | 1,380 | 1,421 | 1,464 | 1,508 | 1,553 |
| Gasoline | 500 | 6,000 | 6,180 | 6,365 | 6,556 | 6,753 |
| Auto repairs/tire reserve | 50 | 600 | 618 | 637 | 656 | 675 |
| Cell Bill | 250 | 3,000 | 3,090 | 3,183 | 3,278 | 3,377 |
| Entertainment | 200 | 2,400 | 2,472 | 2,546 | 2,623 | 2,701 |
| Building Maint & Repairs | 300 | 3,600 | 3,708 | 3,819 | 3,934 | 4,052 |
| Grocery | 500 | 6,000 | 6,180 | 6,365 | 6,556 | 6,753 |
| Sec. 8 Required Repairs | 400 | 4,800 | 4,944 | 5,092 | 5,245 | 5,402 |
| Escrow Shortfall | 403 | 4,836 | 4,836 | 4,836 | 4,836 | 4,836 |
| Trustee Fee | 220 | 2,640 | 2,640 | 2,640 | 2,640 | 2,640 |
| Medical | 50 | 600 | 600 | 600 | 600 | 600 |
| Other/Personal Necessities | 200 | 2,400 | 2,400 | 2,400 | 2,400 | 2,400 |
| Pet food | 15 | 180 | 180 | 180 | 180 | 180 |
| HOA | 72 | 864 | 864 | 864 | 864 | 864 |
| Unsecured BK Plan Pmt | 250 | 3,000 | 3,000 | 3,000 | 3,000 | 3,000 |
| **Total Expenses** | 8,730 | 104,760 | 106,137 | 107,555 | 109,015 | 110,519 |
| Net Operating Income | 15,354 | 184,249 | 186,713 | 189,327 | 192,100 | 195,041 |

## EXHIBIT D – SECURED CREDITOR PAYMENT SUMMARY

| | Period | Monthly | 2012 | 2013 | 2014 | 2015 |
|---|---|---|---|---|---|---|
| **Adequate Protection Payments** | | | | | | |
| **10282 Humbolt Lane** | | | | | | |
| US Bank | | | | | | |
| 1st mortgage (722,062@ 6.875%) | | 4,750 | 57,000 | 57,000 | 57,000 | 57,000 |
| Current Rate, Debtor not liable for debt | | ~~1,971~~2,587 | ~~23,652~~31,052 | ~~23,652~~31,052 | ~~23,652~~31,052 | ~~23,652~~ |
| **2738 W. 94th Street** | | | | | | |
| HSBC | | | | | | |
| 1st mortgage (310,000@ 2.75%) | | 1,142 | 13,704 | 13,704 | 13,704 | 13,704 |
| (Current Rate) | | | | | | |
| **1110 W. 42nd Street** | | | | | | |
| Bank of America | | | | | | |
| 1st Mortgage(322,700 @ 5.00%) | | 1,733 | 20,796 | 20,796 | 20,796 | 20,796 |
| **2111 3rd Ave** | | | | | | |
| Wells Fargo Bank | | | | | | |
| 1st Mortgage(525,000@5.25%) | | 2,674 | 32,088 | 32,088 | 32,088 | 32,088 |
| **2037 Pine Hurst Lane  (Personal Residence)** | | | | | | |
| Wachovia Mortgage | | | | | | |
| 1st Mortgage(425,000@4.33% Original) | | 3,250 | 39,000 | 39,000 | 39,000 | 39,000 |
| **LA Property Tax Arrearage** | | 199 | 2,388 | 2,388 | 2,388 | 2,388 |
| **Total to Creditors** | | 15,520 | 186,240 | 186,240 | 186,240 | 186,240 |