1  BRANDYE N. FOREMAN
   State Bar No. 277110
2  BARRETT DAFFIN FRAPPIER
   TREDER & WEISS, LLP
3  20955 Pathfinder Road, Suite 300
   Diamond Bar, California 91765
4  (626) 915-5714 - Phone
   (972) 661-7726 - Fax
5  File No. 2670701
   cdcaecf@BDFGroup.com
6
7  Attorney for Secured Creditor
8  WELLS FARGO BANK, N.A.

9          UNITED STATES BANKRUPTCY COURT

10   CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

11

| In re:<br>RENITA ENDRELL FERRIS-NORMAN<br>*fka* RENITA ENDRELL FERRIS<br>*aka* RENITA FERRIS<br>*aka* RENITA E FERRIS-NORMAN,<br><br><br><br><br>Debtor(s). | CASE NO.:    2:11-bk-46319-BR<br><br>CHAPTER:    11<br><br>DECLARATION RE FAILURE TO CURE DEFAULT PURSUANT TO TERMS OF ORDER APPROVING JOINT STIPULATION RE: 1) VALUATION 2) TREATMENT OF CLAIM UNDER DEBTOR'S PROPOSED CHAPTER 11 PLAN 3) USE OF CASH COLLATERAL REGARDING 2111 -2113 3RD AVE., LOS ANGELES, CA<br><br>DATE:    N/A<br>TIME:    N/A.<br>PLACE:    U.S. Bankruptcy Court<br>            255 E. Temple Street, Room 1668<br>            Los Angeles, CA 90012 |
| --- | --- |

I, Devon Douglas Sr, declare as follows:

1.    I am employed as a Vice President Loan Documentation of WELLS FARGO BANK, N.A. and am authorized to sign this Declaration on behalf of WELLS FARGO BANK, N.A. ("Secured Creditor").

2.    I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would testify competently hereto. I am over 18 years of age, and I make this affirmation based upon my review of the records with regard to this underlying loan transaction, which are kept in the ordinary course of business of Wells Fargo Bank, N.A. As part of my job responsibilities for Wells Fargo Bank, N.A., I have personal knowledge of and am familiar with the types of records maintained by Wells Fargo Bank, N.A. in connection with the loan that is the subject of this action and the procedures for creating those types of records.  I have access to and have reviewed the books, records and files of Wells Fargo Bank, N.A. that pertain to the Loan and extension of credit given to Debtor(s) concerning the property securing such Loan.

3.    On November 21, 2012, the court entered an Order Approving Joint Stipulation Re: (1) Valuation; (2) Treatment of Claim under Debtor's proposed Chapter 11 Plan (3) Use of Cash Collateral Regarding 2111-2113 3rd Avenue, Los Angeles, CA property ("Order") in the above-entitled bankruptcy case.  A true and correct copy of the Order is attached hereto as **Exhibit "1"**.

4.    Pursuant to the terms of the Order, the Debtor was required to make crammed down regular monthly mortgage payments commencing on November 1, 2012 at the initial rate of $3,343.40, and continuing on the first (1st) day of each calendar month thereafter through and including October 1, 2052, when all such outstanding amounts due Secured Creditor are to be paid in full.  The payment amount was subject to change pursuant to the interest rate changes of the Note.

5.    The Order further provides that if any of the payments were not timely received, Secured Creditor shall serve written notice upon the Debtor and Debtor' attorney that unless the entire default was cured within ten (10) calendar days Secured Creditor shall lodge and serve a declaration re: breach of condition and final proposed Order Granting Relief from the Automatic Stay without further notice or hearing.

6.      On April 17, 2017, a default notice ("NOD") was sent by mail to the Debtor and attorney for the Debtor.  A copy of said NOD is attached hereto as **Exhibit "2"** and incorporated herein by this reference.

7.      More than ten (10) days have passed since the mailing of said written NOD, but the Debtor has failed to cure the entire default set forth therein. As of the date of this declaration, the Debtor's default now totals **$98,614.26** ($91,940.48 NOD amount, plus the months of May 01, 2017 through June 1, 2017 regular monthly payments in the amount of $3,336.89 each, equals $98,614.26).

*(THIS SPACE INTENTIONALLY LEFT BLANK)*

DECLARATION RE FAILURE TO CURE DEFAULT

1      The foregoing facts are known to me personally, and if called as a witness, I would testify

2   competently thereto.

3      I declare under penalty of perjury under the laws of the United States of America that the

4   foregoing is true and correct.

5

6   _____

7   Devon Douglas Sr
   Vice President Loan Documentation
8   Wells Fargo Bank, N.A.
9   6/28/2017

10

11

12  State of South Carolina)
   County of York     )
13

14  Sworn/affirmed to and subscribed before me on this 28th day of June, 2017.  Personally known [ ] or produced
   identification [X].
   Type of identification produced Driver License.

15

16

17  

18  *(Signature of Notary Public)*
   *My commission expires 07-19-2022*
19  *Notary seal*

20

21
        HAZEL M GILLIAM
22       NOTARY PUBLIC
      STATE OF SOUTH CAROLINA
23     My Commission Expires
        July 19, 2022

24

25

26

27

28

DECLARATION RE FAILURE TO CURE DEFAULT

# EXHIBIT 1

Jeffrey V. Hernandez (SBN 180165)
Hernandez Legal Group, A.P.C.
1000 E Walnut St. Suite 233
Pasadena, CA 91106

(626) 737-1305 Office
(888) 275-8329 Fax

jhernandez@hernandezlegalgroup.com

Attorney for Debtor

<div style="border:1px solid">
FILED & ENTERED

NOV 21 2012

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY FORTIER DEPUTY CLERK
</div>

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA
### LOS ANGELES DIVISION

In re

RENITA ENDRELL FERRIS-NORMAN,

                    Debtor.

Case No.: 2:11-bk-46319-BR

Chapter 11

**ORDER APPROVING JOINT STIPULATION RE: 1) VALUATION 2) TREATMENT OF CLAIM UNDER DEBTOR'S PROPOSED CHAPTER 11 PLAN 3) USE OF CASH COLLATERAL REGARDING 2111 -2113 3RD AVE., LOS ANGELES, CA**

Upon review of the Joint Stipulation RE: 1) Valuation; 2) Treatment of Claim under Debtor's Proposed Chapter 11 Plan and: 3) Use of Cash Collateral Regarding 2111-2113 3rd Avenue, Los Angeles, CA on Property Located At 2111-2113 3rd Avenue, Los Angeles, CA ("Stipulation") entered into by and between Debtor, Renita Endrell Ferris-Norman ("Debtor"), by and through her attorney of record Jeffrey V. Hernandez; and Wells Fargo Home Mortgage, a division of Wells Fargo Bank, N.A., its successors and/or assigns ("Creditor"), by and through its attorneys of record and good cause appearing therefore,

/

/

1

**EXHIBIT 1**

**IT IS HEREBY ORDERED:**

1. The Stipulation is approved.

2. Creditor shall have a secured claim in the amount of $525,000.00 (the "Secured Claim") to be amortized over forty (40) years at the interest rate of a fixed 5.25% per annum.

3. Creditor shall have an unsecured claim in the amount of at least $225,443.25 (the "Unsecured Claim"). Creditor shall receive, in full and final satisfaction of its Unsecured Claim, its pro rata share of the dividend issued to general unsecured creditors.

4. Commencing within 15 days of entry of an order approving this Stipulation, Debtor shall tender regular monthly payments of $3,343.40 ($2707.79 P&I + $552.78 county + 82.83 hazard ins)[1] due on the first of each month and late as of the sixteenth day of each month to Creditor for the Secured Claim commencing as of November 1, 2012, and continuing until October 1, 2052, when all such outstanding amount under the Secured Claim are to be paid in full. All payments made under this Stipulation will be credited to the outstanding balance due under the Secured Claim. Within 15 days of entry of an order approving this stipulation, Creditor shall notify Debtor of the regular monthly payment amount if such amount has not previously been determined.

5. Debtor shall maintain real property hazard insurance paid current for the Subject Property, and provide proof of said insurance to Creditor upon request on a timely basis. Debtor shall be permitted to use rents generated by the Subject Property to be applied towards hazard insurance, operating expenses, and general maintenance expenses for the Subject Property and then towards other expenses of Debtor's estate.

6. Except as otherwise expressly provided herein, all remaining terms of the Note and Deed of Trust shall govern the treatment of Creditor's Secured Claim.

---

[1] Lender may collect and hold funds for escrow items in an amount not to exceed maximum amounts as provided for by applicable laws and pursuant to the terms of the original Note and Deed of Trust.

2

**EXHIBIT 1**

7.  In the event of any future default on any of the above-described provisions, inclusive of this Stipulation, Creditor shall provide written notice via regular first class mail to 2037 Pine Hurst Lane Hawthorne, California, 90250, and copy said letter to Debtor's attorney of record, Jeffrey V. Hernandez, 1000 E. Walnut Street, Suite 233, Pasadena, California, 91106, provided the Debtor's bankruptcy is active, indicating the nature of default.  If Debtor fails to cure the default with certified funds after the passage of ten (10) calendar days from the date said written notice is placed in the mail as reflected on the postmark, then Creditor shall be entitled to file and serve a declaration under penalty of perjury setting forth in detail the Debtor's failures to perform hereunder, pursuant for a motion for relief from automatic stay.

8.  The acceptance by Creditor of a late or partial payment shall not act as a waiver of Creditor's right to proceed by motion hereunder.

9.  In the event that Creditor is granted relief from automatic stay, the parties hereby stipulate that the 14-day stay provided by Bankruptcy Rule 4001(a)(3) is waived.

10. In the event that the Debtor defaults under this Stipulation and Creditor forwards a 10-day letter to Debtor, he shall be required to tender $100.00 for each default letter submitted to Debtor in order to cure the default.

11. At the request of the Creditor, the Debtor shall execute such documents and instruments as are necessary to reflect the Debtor as the borrower of the Secured Claim, and to modify the terms of the obligation to conform to the provisions of this Stipulation.

12. The terms of this Stipulation may not be modified, altered, or changed by the Debtor's Chapter 11 Plan, any confirmation order thereon, any subsequently filed Amended Chapter 11 Plan and confirmation order thereon without the express written consent of the Creditor.  The terms of this Stipulation shall be incorporated into the Debtor's Chapter 11 Plan and/or any subsequently filed Amended Chapter 11 Plan.

3

**EXHIBIT 1**

13. In the event the Debtor's case is dismissed or converted to any other chapter under Title 11 of the United States Bankruptcy Code, Creditor shall retain its lien in the full amount due under the Note, all terms on Creditor's claim shall revert to the original terms of the Note and Deed of Trust and the automatic stay shall be terminated without further notice, order, or proceeding of the court.

14. In the event the Debtor sells the Subject Property prior to confirming his Chapter 11 Plan, Creditor shall be entitled to proceeds from the sale in an amount not less than the outstanding balance owing under the terms of the Note. If the proposed sale for the Property is less than the outstanding balance owing under the Note, then Creditor's written consent must be obtained.

15. If Debtors sell the Property within five years of the entry of the confirmation order, Debtors will pay Secured Creditor an additional sum of 8.00% of the sale price over $525,000.00 (the current fair market value of the Property).

16. In exchange for the foregoing, Creditor agrees to affirmatively vote accepting the Debtor's Plan.


####


DATED: November 21, 2012

_____
United States Bankruptcy Judge


4


**EXHIBIT 1**

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**1000 E Walnut St., Suite 233, Pasadena, CA 91106**

A true and correct copy of the foregoing document entitled (*specify*): <u>ORDER APPROVING JOINT STIPULATION RE: 1) VALUATION 2) TREATMENT OF CLAIM UNDER DEBTOR'S PROPOSED CHAPTER 11 PLAN 3) USE OF CASH COLLATERAL REGARDING 2111 -2113 3RD AVE., LOS ANGELES, CA</u> will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) <u>11/14/2012</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐   Service information continued on attached page

2. <u>SERVED BY UNITED STATES MAIL</u>:
On (*date*) <u>11/14/2012</u>, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Hon. Barry Russell

☒   Service information continued on attached page

3. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u> (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐   Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

**EXHIBIT 1**

Case 2:11-bk-46319-BR    Doc 191    Filed 11/21/12    Entered 11/21/12 13:38:06    Desc
Main Document    Page 6 of 13

11/14/2012        Anyssa Rubio
_Date      Printed Name_                                    _Signature_

## SERVED BY MAIL

American Express
c/o Becket & Lee
P.O. Box 3001
Malvern PA 19355

Americas Servicing Co
Attention:  Bankruptcy
PO Box 10328
Des Moines, IA 50306

Aston Pacific Monarch
c/o Business Dept.
2155 Kalakaua Ave. Suite 500
Honolulu, HW 19850-5521

Aurora Loan Services
Attn: Bankruptcy Dept.
PO Box 1706
Scottsbluff, NE 69363

Bank of America
1665 Scenic Ave., Ste. 200
Costa Mesa, CA 92626

Bank Of America, N.A.
450 American St
Simi Valley, CA 93065

Chase
Po Box 1093
Northridge, CA 91328

Chase Bank, N.A.
802 Delaware Avenue 8th Floor
Wilmington, DE 19801

Darryl Norman
10282 Humbolt Street

6

**EXHIBIT 1**

Los Alamitos, CA 90720

ERC Collections, LLC
8014 Bayberry Rd
Jacksonville, FL 32258

First Premier
3820 N Louise Ave
Sioux Falls, SD 57107

GC Services
6330 Gulfton St.
Houston, TX 77081

HSBC CREDIT SERVICES INC.
Retail Services
PO Box 15521
Wilmington, DE 19850-5521

IRS
PO BOX 21126
Philadelphia, PA 19114

Memorial Care Health System
PO Box 20894
Fountain Valley, CA 92728-0894

National City
PO Box 5570
Cleveland, OH 44101

Santander Consumer USA Inc.
PO Box 961245
Fort Worth, TX 76161

Security Credit Service
PO Box 1156
Oxford, MS 38655

Wachovia
Attn: Bankruptcy
4101 Wiseman Blvd
San Antonio, TX 78251

William Drake
5271 Serville Circle,

7

**EXHIBIT 1**

La Palma, Ca 90623

Wells Fargo Bank, N.A.
Bankruptcy Department
3476 Stateview Blvd
X7801-014
Ft. Mill, SC 29715

SEC
5670 Wilshire Blvd., 11th Floor
Los Angeles, CA  90036

Employment Development Department
Bankruptcy Group MIC 92E
P.O. Box 826880
Sacramento, CA  94280-0001

Franchise Tax Board
Attn: Bankruptcy
P.O. Box 2952
Sacramento, CA  95812-2952

8

**EXHIBIT 1**

## NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*): <u>ORDER APPROVING JOINT</u>

<u>STIPULATION RE: 1) VALUATION 2) TREATMENT OF CLAIM UNDER DEBTOR'S PROPOSED</u>

<u>CHAPTER 11 PLAN 3) USE OF CASH COLLATERAL REGARDING 2111 -2113 3RD AVE., LOS</u>

<u>ANGELES, CA</u> was entered on the date indicated as _____ on the first page of this judgment

or order and will be served in the manner stated below:

1. **<u>SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>** B Pursuant to

controlling General Orders and LBRs, the foregoing document was served on the following persons by

the court via NEF and hyperlink to the judgment or order. As of (*date*)_____, the following

persons are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding

to receive NEF transmission at the email addresses stated below.

☐ Service information continued

2. **<u>SERVED BY THE COURT VIA UNITED STATES MAIL:</u>** A copy of this notice and a true copy

of this judgment or order was sent by United States mail, first class, postage prepaid, to the following

persons and/or entities at the addresses indicated below:

Jeffrey V Hernandez, Attorney for Debtor

1000 E Walnut St., Suite 233

Pasadena, CA 91106

☐ Service information continued

3. **<u>TO BE SERVED BY THE LODGING PARTY</u>**: Within 72 hours after receipt of a copy of this

judgment or order which bears an _____ stamp, the party lodging the judgment or order will serve a

9

**EXHIBIT 1**

1  complete copy bearing an _____ stamp by United States mail, overnight mail, facsimile

2  transmission or email and file a proof of service of the entered order on the following persons and/or

3

4  entities at the addresses, facsimile transmission numbers, and/or email addresses stated below:

5

6

7

8                                                ☒ Service information continued on attached

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10

**EXHIBIT 1**

**SERVED BY MAIL**

American Express
c/o Becket & Lee
P.O. Box 3001
Malvern PA 19355

Americas Servicing Co
Attention:  Bankruptcy
PO Box 10328
Des Moines, IA 50306

Aston Pacific Monarch
c/o Business Dept.
2155 Kalakaua Ave. Suite 500
Honolulu, HW 19850-5521

Aurora Loan Services
Attn: Bankruptcy Dept.
PO Box 1706
Scottsbluff, NE 69363

Bank of America
1665 Scenic Ave., Ste. 200
Costa Mesa, CA 92626

Bank Of America, N.A.
450 American St
Simi Valley, CA 93065

Chase
Po Box 1093
Northridge, CA 91328

Chase Bank, N.A.
802 Delaware Avenue 8th Floor
Wilmington, DE 19801

Darryl Norman
10282 Humbolt Street
Los Alamitos, CA 90720

11

**EXHIBIT 1**

ERC Collections, LLC
8014 Bayberry Rd
Jacksonville, FL 32258

First Premier
3820 N Louise Ave
Sioux Falls, SD 57107

GC Services
6330 Gulfton St.
Houston, TX 77081

HSBC CREDIT SERVICES INC.
Retail Services
PO Box 15521
Wilmington, DE 19850-5521

IRS
PO BOX 21126
Philadelphia, PA 19114

Memorial Care Health System
PO Box 20894
Fountain Valley, CA 92728-0894

National City
PO Box 5570
Cleveland, OH 44101

Santander Consumer USA Inc.
PO Box 961245
Fort Worth, TX 76161

Security Credit Service
PO Box 1156
Oxford, MS 38655

Wachovia
Attn: Bankruptcy
4101 Wiseman Blvd
San Antonio, TX 78251

Wells Fargo Bank, N.A.
Bankruptcy Department
3476 Stateview Blvd

**EXHIBIT 1**

1   X7801-014
    Ft. Mill, SC 29715

2

3   William Drake
    5271 Serville Circle,
4   La Palma, Ca 90623

5

    SEC
6   5670 Wilshire Blvd., 11th Floor
7   Los Angeles, CA  90036

8   Employment Development Department
    Bankruptcy Group MIC 92E
9   P.O. Box 826880
10  Sacramento, CA  94280-0001

11  Franchise Tax Board
    Attn: Bankruptcy
12  P.O. Box 2952
13  Sacramento, CA  95812-2952

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT 1**

Jeffrey V. Hernandez (180165)
HERNANDEZ LEGAL GROUP
1000 E. Walnut Street, Suite 233
Pasadena, CA 91106
(626) 737-1305 Office
(888) 275-8329 Fax
jhernandez@hernandezlegalgroup.com

Attorney for Debtor in Possession

## THE UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

In re                                                 ) Case No. 02:11-bk-46319-BR
                                                      )
RENITA ENDRELL FERRIS-NORMAN,                         ) Chapter 11
                                                      )
    Debtor/Debtor in Possession                       ) JOINT STIPULATION RE:
                                                      )
                                                      ) (1) VALUATION,;
                                                      )
                                                      ) (2) TREATMENT OF CLAIM UNDER
                                                      )     DEBTOR'S PROPOSED CHAPTER 11
                                                      )     PLAN AND;
                                                      )
                                                      ) (3) USE OF CASH COLLATERAL
                                                      )     REGARDING 2111-2113 3rd Ave., Los Angeles,
                                                      ) CA.
_____ )

TO: THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE, AND ALL PARTIES IN INTEREST AND THEIR ATTORNEYS OF RECORD:

This Stipulation is entered into by and between WELLS FARGO HOME MORTGAGE, A DIVISION OF WELLS FARGO BANK, N.A., its successors and/or assigns ("Creditor"), by and through its attorneys of record, and RENITA ENDRELL FERRIS-NORMAN, the Debtor and Debtor-In-Possession herein (the "Debtor"), by and through her attorneys of record.

The property which is the subject of this matter is commonly known as 2111-2113 3rd Ave., Los Angeles, CA. (hereinafter the "Subject Property"). On or about July 13, 2007, Debtor, for valuable consideration, made, executed and delivered to WACHOVIA MORTGAGE ("Lender")" a Note in the principal

**EXHIBIT 1**

sum of $602,000.00 (the "Note"). A true and correct copy of the Note is attached hereto as Exhibit A and incorporated herein by reference.

On or about July 13, 2007, Debtor made, executed and delivered to Lender a Deed of Trust (the "Deed of Trust") granting Lender a security interest in the Subject Property. The Deed of Trust was recorded on July 18, 2007, as instrument number 20071694901 in the Official Records of Los Angeles County, State of California. A true and correct copy of the Deed of Trust is attached hereto as exhibit B and incorporated herein by reference.

In 2006, Wachovia Corporation merged with Golden West Financial Corporation, the holding company of World Savings Bank FSB. Effective December 31, 2007, World Savings Bank, FSB changed its name to Wachovia Mortgage FSB. Subsequently, in or about October 2008, Wells Fargo & Company acquired Wachovia Corporation and its subsidiary banks, Wachovia Bank, National Association. Effective January 20, 2012, Wells Fargo Bank, N.A. A/K/A Wachovia Mortgage, a division of Wells Fargo Bank, N.A. and F/K/A Wachovia Mortgage, FSB. is now known as Wells Fargo Home Mortgage a division of Wells Fargo Bank, N.A.

On August 25, 2011, Debtor filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code and was assigned Bankruptcy Case No: 2:11-bk-46319-BR.

THE PARTIES STIPULATE AS FOLLOWS:

1. Creditor shall have a secured claim in the amount of $525,000.00 (the "Secured Claim") to be amortized over forty (40) years at the interest rate of a fixed 5.25% per annum.

2. Creditor shall have an unsecured claim in the amount of at least $225,443.25 (the "Unsecured Claim"). Creditor shall receive, in full and final satisfaction of its Unsecured Claim, its pro rata share of the dividend issued to general unsecured creditors.

3. Commencing within 15 days of entry of an order approving this Stipulation, Debtor shall tender regular monthly payments of $3,343.40 ($2707.79 P&I + $552.78 county + 82.83 hazard ins)[1] due on the first of each month and late as of the sixteenth day of each month to Creditor for the Secured Claim commencing as

---

[1] Lender may collect and hold funds for escrow items in an amount not to exceed maximum amounts as provided for by applicable laws and pursuant to the terms of the original Note and Deed of Trust.

JOINT STIPULATION RE 1) VALUATION, 2) TREATMENT OF CLAIM, AND 3) CASH COLLATERAL

# EXHIBIT 1

of November 1, 2012, and continuing until October 1, 2052, when all such outstanding amount under the Secured Claim are to be paid in full. All payments made under this Stipulation will be credited to the outstanding balance due under the Secured Claim. Within 15 days of entry of an order approving this stipulation, Creditor shall notify Debtor of the regular monthly payment amount if such amount has not previously been determined.

4.    Debtor shall maintain real property hazard insurance paid current for the Subject Property, and provide proof of said insurance to Creditor upon request on a timely basis. Debtor shall be permitted to use rents generated by the Subject Property to be applied towards hazard insurance, operating expenses, and general maintenance expenses for the Subject Property and then towards other expenses of Debtor's estate.

5.    Except as otherwise expressly provided herein, all remaining terms of the Note and Deed of Trust shall govern the treatment of Creditor's Secured Claim.

6.    In the event of any future default on any of the above-described provisions, inclusive of this Stipulation, Creditor shall provide written notice via regular first class mail to 2037 Pine Hurst Lane Hawthorne, California, 90250, and copy said letter to Debtor's attorney of record, Jeffrey V. Hernandez, 1000 E. Walnut Street, Suite 233, Pasadena, California, 91106, provided the Debtor's bankruptcy is active, indicating the nature of default. If Debtor fails to cure the default with certified funds after the passage of ten (10) calendar days from the date said written notice is placed in the mail as reflected on the postmark, then Creditor shall be entitled to file and serve a declaration under penalty of perjury setting forth in detail the Debtor's failures to perform hereunder, pursuant for a motion for relief from automatic stay.

7.    The acceptance by Creditor of a late or partial payment shall not act as a waiver of Creditor's right to proceed by motion hereunder.

8.    In the event that Creditor is granted relief from automatic stay, the parties hereby stipulate that the 14-day stay provided by Bankruptcy Rule 4001(a)(3) is waived.

9.    In the event that the Debtor defaults under this Stipulation and Creditor forwards a 10-day letter to Debtor, he shall be required to tender $100.00 for each default letter submitted to Debtor in order to cure the default.

JOINT STIPULATION RE 1) VALUATION, 2) TREATMENT OF CLAIM, AND 3) CASH COLLATERAL

**EXHIBIT 1**

10.   At the request of the Creditor, the Debtor shall execute such documents and instruments as are necessary to reflect the Debtor as the borrower of the Secured Claim, and to modify the terms of the obligation to conform to the provisions of this Stipulation.

11.   The terms of this Stipulation may not be modified, altered, or changed by the Debtor's Chapter 11 Plan, any confirmation order thereon, any subsequently filed Amended Chapter 11 Plan and confirmation order thereon without the express written consent of the Creditor. The terms of this Stipulation shall be incorporated into the Debtor's Chapter 11 Plan and/or any subsequently filed Amended Chapter 11 Plan.

12.   In the event the Debtor's case is dismissed or converted to any other chapter under Title 11 of the United States Bankruptcy Code, Creditor shall retain its lien in the full amount due under the Note, all terms on Creditor's claim shall revert to the original terms of the Note and Deed of Trust and the automatic stay shall be terminated without further notice, order, or proceeding of the court.

13.   In the event the Debtor sells the Subject Property prior to confirming his Chapter 11 Plan, Creditor shall be entitled to proceeds from the sale in an amount not less than the outstanding balance owing under the terms of the Note. If the proposed sale for the Property is less than the outstanding balance owing under the Note, then Creditor's written consent must be obtained.

14.   If Debtors sell the Property within five years of the entry of the confirmation order, Debtors will pay Secured Creditor an additional sum of 8.00% of the sale price over $525,000.00 (the current fair market value of the Property).

15.   In exchange for the foregoing, Creditor agrees to affirmatively vote accepting the Debtor's Plan.

Dated: 10/19/2012

BARRETT DAFFIN FRAPPIER TREDER&WEISS

By: _____
Gerald S. Kim
Attorneys for Creditor

Dated: 10-12-12

HERNANDEZ LEGAL GROUP, A.P.C.

By: _____
Jeffrey V. Hernandez
Debtor's counsel

4
JOINT STIPULATION RE 1) VALUATION, 2) TREATMENT OF CLAIM, AND 3) CASH COLLATERAL

**EXHIBIT 1**

1  Jeffrey V. Hernandez (SBN 180165)
   Hernandez Legal Group, A.P.C.
   1000 E Walnut St. Suite 233
2  Pasadena, CA 91106

3  (626) 737-1305 Office
   (888) 275-8329 Fax

4  jhernandez@hernandezlegalgroup.com
5
   Attorney for Debtor
6

7              UNITED STATES BANKRUPCTY COURT
                CENTRAL DISTRICT OF CALIFORNIA
8                   LOS ANGELES DIVISION

9
                                        )  Case No.: 2:11-bk-46319-BR
10  In re                               )
                                        )
11  RENITA ENDRELL FERRIS-NORMAN,       )  Chapter 11
                                        )
12                                      )  ORDER APPROVING JOINT
                                        )  STIPULATION RE: 1) VALUATION 2)
13                            Debtor.)  TREATMENT OF CLAIM UNDER
                                        )  DEBTOR'S PROPOSED CHAPTER 11
14                                      )  PLAN 3) USE OF CASH COLLATERAL
                                        )  REGARDING 2111 -2113 3RD AVE., LOS
15                                      )  ANGELES, CA
                                        )
16                                      )
    _____)
17

18  Upon review of the Joint Stipulation RE: 1) Valuation; 2) Treatment of Claim under Debtor's

19  Proposed Chapter 11 Plan and: 3) Use of Cash Collateral Regarding 2111-2113 3rd Avenue, Los
20
    Angeles, CA on Property Located At 2111-2113 3rd Avenue, Los Angeles, CA ("Stipulation")
21
22  entered into by and between Debtor, Renita Endrell Ferris-Norman ("Debtor"), by and through

23  her attorney of record Jeffrey V. Hernandez; and Wells Fargo Home Mortgage, a division of

24  Wells Fargo Bank, N.A., its successors and/or assigns ("Creditor"), by and through its attorneys
25
    of record and good cause appearing therefore,
26

27                                  /

28                                  /

                                    1

                          **EXHIBIT 1**

**IT IS HEREBY ORDERED:**

1. The Stipulation is approved.

2. Creditor shall have a secured claim in the amount of $525,000.00 (the "Secured Claim") to be amortized over forty (40) years at the interest rate of a fixed 5.25% per annum.

3. Creditor shall have an unsecured claim in the amount of at least $225,443.25 (the "Unsecured Claim"). Creditor shall receive, in full and final satisfaction of its Unsecured Claim, its pro rata share of the dividend issued to general unsecured creditors.

4. Commencing within 15 days of entry of an order approving this Stipulation, Debtor shall tender regular monthly payments of $3,343.40 ($2707.79 P&I + $552.78 county + 82.83 hazard ins)[1] due on the first of each month and late as of the sixteenth day of each month to Creditor for the Secured Claim commencing as of November 1, 2012, and continuing until October 1, 2052, when all such outstanding amount under the Secured Claim are to be paid in full. All payments made under this Stipulation will be credited to the outstanding balance due under the Secured Claim. Within 15 days of entry of an order approving this stipulation, Creditor shall notify Debtor of the regular monthly payment amount if such amount has not previously been determined.

5. Debtor shall maintain real property hazard insurance paid current for the Subject Property, and provide proof of said insurance to Creditor upon request on a timely basis. Debtor shall be permitted to use rents generated by the Subject Property to be applied towards hazard insurance, operating expenses, and general maintenance expenses for the Subject Property and then towards other expenses of Debtor's estate.

6. Except as otherwise expressly provided herein, all remaining terms of the Note and Deed of Trust shall govern the treatment of Creditor's Secured Claim.

---

[1] Lender may collect and hold funds for escrow items in an amount not to exceed maximum amounts as provided for by applicable laws and pursuant to the terms of the original Note and Deed of Trust.

2

**EXHIBIT 1**

7. In the event of any future default on any of the above-described provisions, inclusive of this Stipulation, Creditor shall provide written notice via regular first class mail to 2037 Pine Hurst Lane Hawthorne, California, 90250, and copy said letter to Debtor's attorney of record, Jeffrey V. Hernandez, 1000 E. Walnut Street, Suite 233, Pasadena, California, 91106, provided the Debtor's bankruptcy is active, indicating the nature of default. If Debtor fails to cure the default with certified funds after the passage of ten (10) calendar days from the date said written notice is placed in the mail as reflected on the postmark, then Creditor shall be entitled to file and serve a declaration under penalty of perjury setting forth in detail the Debtor's failures to perform hereunder, pursuant for a motion for relief from automatic stay.

8. The acceptance by Creditor of a late or partial payment shall not act as a waiver of Creditor's right to proceed by motion hereunder.

9. In the event that Creditor is granted relief from automatic stay, the parties hereby stipulate that the 14-day stay provided by Bankruptcy Rule 4001(a)(3) is waived.

10. In the event that the Debtor defaults under this Stipulation and Creditor forwards a 10-day letter to Debtor, he shall be required to tender $100.00 for each default letter submitted to Debtor in order to cure the default.

11. At the request of the Creditor, the Debtor shall execute such documents and instruments as are necessary to reflect the Debtor as the borrower of the Secured Claim, and to modify the terms of the obligation to conform to the provisions of this Stipulation.

12. The terms of this Stipulation may not be modified, altered, or changed by the Debtor's Chapter 11 Plan, any confirmation order thereon, any subsequently filed Amended Chapter 11 Plan and confirmation order thereon without the express written consent of the Creditor. The terms of this Stipulation shall be incorporated into the Debtor's Chapter 11 Plan and/or any subsequently filed Amended Chapter 11 Plan.

3

**EXHIBIT 1**

13. In the event the Debtor's case is dismissed or converted to any other chapter under Title 11 of the United States Bankruptcy Code, Creditor shall retain its lien in the full amount due under the Note, all terms on Creditor's claim shall revert to the original terms of the Note and Deed of Trust and the automatic stay shall be terminated without further notice, order, or proceeding of the court.

14. In the event the Debtor sells the Subject Property prior to confirming his Chapter 11 Plan, Creditor shall be entitled to proceeds from the sale in an amount not less than the outstanding balance owing under the terms of the Note. If the proposed sale for the Property is less than the outstanding balance owing under the Note, then Creditor's written consent must be obtained.

15. If Debtors sell the Property within five years of the entry of the confirmation order, Debtors will pay Secured Creditor an additional sum of 8.00% of the sale price over $525,000.00 (the current fair market value of the Property).

16. In exchange for the foregoing, Creditor agrees to affirmatively vote accepting the Debtor's Plan.


####


DATED:_____                    _____

                                                 United States Bankruptcy Judge


4

**EXHIBIT 1**

| In re: Renita ENDRELL Ferris-Norman | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 2:11-bk-46319-BR |

NOTE: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**1000 E Walnut Street, Suite 233
Pasadena, CA 91106**

A true and correct copy of the foregoing document described __JOINT STIPULATION AND PROPOSED ORDER APPROVING JOINT STIPULATION RE: 1) VALUATION 2) TREATMENT OF CLAIM UNDER DEBTOR'S PROPOSED CHAPTER 11 PLAN 3) USE OF CASH COLLATERAL REGARDING 2111 -2113 3RD AVE., LOS ANGELES, CA__
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On __11/14/2012__ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL(indicate method for each person or entity served):**
On __11/12/2012__ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Hon. Barry Russell**

☒ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 11/14/2012 | Anyssa Rubio | _(signature)_ |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.
January 2009

F 9013-1.1

**EXHIBIT 1**

| In re: Renita ENDRELL Ferris-Norman | CHAPTER 11 |
|---|---|
| Debtor(s) | CASE NUMBER 2:11-bk-46319-BR |

## SERVED BY NEF

Office of The United States Trustee
725 S. Figueroa St., Suite 2600
Los Angeles, CA 90017

## SERVED BY MAIL

American Express
c/o Becket & Lee
P.O. Box 3001
Malvern PA 19355

Americas Servicing Co
Attention: Bankruptcy
PO Box 10328
Des Moines, IA 50306

Aston Pacific Monarch
c/o Business Dept.
2155 Kalakaua Ave. Suite 500
Honolulu, HW 19850-5521

Aurora Loan Services
Attn: Bankruptcy Dept.
PO Box 1706
Scottsbluff, NE 69363

Bank of America
1665 Scenic Ave., Ste. 200
Costa Mesa, CA 92626

Bank Of America, N.A.
450 American St
Simi Valley, CA 93065

Chase
Po Box 1093
Northridge, CA 91328

Chase Bank, N.A.
802 Delaware Avenue 8th Floor
Wilmington, DE 19801

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.
*January 2009*

F 9013-1.1

## EXHIBIT 1

| In re: Renita ENDRELL Ferris-Norman | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 2:11-bk-46319-BR |

Darryl Norman
10282 Humbolt Street
Los Alamitos, CA 90720

ERC Collections, LLC
8014 Bayberry Rd
Jacksonville, FL 32258

First Premier
3820 N Louise Ave
Sioux Falls, SD 57107

GC Services
6330 Gulfton St.
Houston, TX 77081

HSBC CREDIT SERVICES INC.
Retail Services
PO Box 15521
Wilmington, DE 19850-5521

IRS
PO BOX 21126
Philadelphia, PA 19114

Memorial Care Health System
PO Box 20894
Fountain Valley, CA 92728-0894

National City
PO Box 5570
Cleveland, OH 44101

Santander Consumer USA Inc.
PO Box 961245
Fort Worth, TX 76161

Security Credit Service
PO Box 1156
Oxford, MS 38655

Wachovia
Attn: Bankruptcy
4101 Wiseman Blvd

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.
January 2009

F 9013-1.1

**EXHIBIT 1**

| In re: Renita ENDRELL Ferris-Norman | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 2:11-bk-46319-BR |

San Antonio, TX 78251

Wells Fargo Bank, N.A.
Bankruptcy Department
3476 Stateview Blvd
X7801-014
Ft. Mill, SC 29715

William Drake
5271 Serville Circle,
La Palma, Ca 90623

SEC
5670 Wilshire Blvd., 11th Floor
Los Angeles, CA  90036

Employment Development Department
Bankruptcy Group MIC 92E
P.O. Box 826880
Sacramento, CA  94280-0001

Franchise Tax Board
Attn: Bankruptcy
P.O. Box 2952
Sacramento, CA  95812-2952

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.
January 2009

F 9013-1.1

**EXHIBIT 1**

# EXHIBIT 2

**BARRETT DAFFIN FRAPPIER
TREDER & WEISS, LLP**
A PARTNERSHIP INCLUDING
PROFESSIONAL CORPORATIONS

ATTORNEYS AND COUNSELORS AT LAW

20955 PATHFINDER ROAD
SUITE 300
DIAMOND BAR, CA 91765
TELEPHONE: (626) 915 - 5714
TELECOPIER: (972) 661 - 7726

April 17, 2017

Jeffrey V. Hernandez, Esq.
1000 E. Walnut Street, Suite 233
Pasadena, California 91106

     Re:   *In re Renita Endrell Ferris-Norman*
           Chapter 11; U. S. Bankruptcy Court Case No. 2:11-bk-46319-BR
           Secured Creditor: Wells Fargo Bank, N.A.
           Last Four Digits of Loan No.: 1918
           BDF File No.: 2670701
           **Property: 2111-2113 3rd Avenue, Los Angeles, CA 90003**

Dear Counsel:

    This firm represents Wells Fargo Bank, N.A. ("Secured Creditor"), the current beneficiary of the first Deed of Trust secured by the real property referenced above.

    According to our client's loan servicing records, the Debtor has failed to make required payments pursuant to the terms of the Order Granting Joint Stipulation Re: (1) Valuation; (2) Treatment of Wells Fargo's Claim under Debtor's Proposed Chapter 11 Plan and on Stipulation Resolving Objection to Plan Confirmation and Re: Plan Treatment entered on November 21, 2012. The Debtor was required to pay the modified regular mortgage payments to Secured Creditor each month beginning November 1, 2012, and continuing on the 1st day of each subsequent month thereafter until October 1, 2052.

    Our client has advised that as of April 7, 2017, the Debtor is in default under the terms of the confirmed plan in the sum of:

| | |
|---|---|
| 12/01/2014 through 02/01/2016 payments at $3,135.62 = | $ 47,034.30 |
| 03/01/2016 through 11/01/2016 payments at $3,233.35 = | $ 29,100.15 |
| 12/01/2016 through 03/01/2017 payments at $3,392.82 = | $ 13,571.28 |
| 04/01/2017 through 04/01/2017 payments at $3,336.89 = | $ 3,336.89 |
| Less Unapplied Funds | $ -1,102.14 |
| TOTAL DEFAULT = | $ 91,940.48 |

THIS LAW FIRM IS ACTING AS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT.
ANY INFORMATION WE OBTAIN WILL BE USED FOR THAT PURPOSE.

**EXHIBIT 2**

April 17, 2017
Jeffrey V. Hernandez, Esq.
NOD – Renita Endrell Ferris-Norman
Case No. 2:11-bk-46319-BR
Page 2

      Please see enclosed accounting indicating payments received. This is a courtesy notice to you and your clients. Please have your client remit payment in the sum of **$91,940.48** made payable and sent to: **Wells Fargo Bank N.A., 1 Home Campus, Attn: Payment Processing, MAC #X2302-04C, Des Moines, IA 50328**, no later than 5:00 p.m. on **May 11, 2017**. The above referenced loan number should be notated on their payment. If the entire sum is not timely received, Secured Creditor may request that the United States Bankruptcy Court immediately enter an order terminating the automatic stay authorizing Secured Creditor, to commence foreclosure proceedings and to recover possession of the above described real property.

      Acceptance of partial payments will not constitute a waiver of creditor's rights to pursue the default in the event the partial payments are not enough to cure the entire default.

      If you have any questions, please contact our office.

                    Very truly yours,

                    */s/ Brandye N. Foreman*
                    Brandye N. Foreman
                    Attorneys for Secured Creditor

Encl:
cc: See attached service list.

THIS LAW FIRM IS ACTING AS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT.
ANY INFORMATION WE OBTAIN WILL BE USED FOR THAT PURPOSE.

**EXHIBIT 2**

## CERTIFICATION OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am a resident of the County aforesaid; I am over the age of eighteen years and not a party within entitled action; my business address is 20955 Pathfinder Road, Suite 300, Diamond Bar, California 91765.

On the 17th day of April 2017, I served the within written notice of default by placing a true copy thereof enclosed in a sealed envelope either with first class postage or overnight mail thereon fully prepaid, in the United States mail at Diamond Bar, California, addressed as follows:

**DEBTOR**                                      **U.S. TRUSTEE**
RENITA ENDRELL FERRIS-NORMAN        RON MAROKO
2037 PINE HURST LANE                    915 WILSHIRE BLVD., STE 1850
HAWTHORNE, CA 90250                     LOS ANGELES, CA 90017

**ATTORNEY FOR DEBTOR**
JEFFREY V HERNANDEZ
1000 E WALNUT ST STE 233
PASADENA, CA 91106

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on April 17, 2017, at Diamond Bar, California.

RICHARD JAMISON

# EXHIBIT 2

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
20955 PATHFINDER ROAD, SUITE 300, DIAMOND BAR, CA 91765

A true and correct copy of the foregoing document entitled (*specify*):  **DECLARATION RE FAILURE TO CURE DEFAULT PURSUANT TO TERMS OF ORDER APPROVING JOINT STIPULATION RE: (1) VALUATION; (2) TREATMENT OF CREDITORS CLAIM UNDER DEBTOR'S PROPOSED CHAPTER 11 PLAN; (3) USE OF CASH COLLATERAL REGARDING 2111-2113 3RD AVENUE, LOS ANGELES, CA.**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _07/08/2017___, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Attorney for Debtor: Jeffrey V Hernandez - jhernandez@hernandezlegalgroup.com
U.S. Trustee: United States Trustee - ustpregion16.la.ecf@usdoj.gov
U.S. Trustee: Ron Maroko - ron.maroko@usdoj.gov

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _07/08/2017___, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Judge: Hon. Barry Russell, U.S. Bankruptcy Court, 255 E. Temple Street, Suite 1660, Los Angeles, CA 90012
Debtor: Renita Endrell Ferris-Norman, 2037 Pine Hurst Lane, Hawthorne, CA 90250
Party in Interest: NCEP, LLC, PO Box 165028, Irving, TX 75016
Party in Interest: Louvonia Thompson, 315 E 169th St., Carson, CA 90746-1101

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 07/08/2017 | BRANDYE N. FOREMAN | /s/ Brandye N. Foreman |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                **F 9013-3.1.PROOF.SERVICE**

**CONTINUATION PAGE – PARAGRAPH 1**

<u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>:

<u>PARTIES IN INTEREST</u>
Richard J Bauer - rbauer@mileslegal.com
Scott Beauchamp - ecfnotices@ascensioncapitalgroup.com
Patrick K Bruso - pbruso@hartkinglaw.com
Cara C Christensen -  cchristensen@houser-law.com, swilliams@houser-law.com
Deborah Conley - bankruptcyecfmail@mccallaraymer.com
Tami S Crosby -  tcrosby@aldridgepite.com, ecfcacb@aldridgepite.com;tc@ecf.inforuptcy.com
Michael Daniels -  BkECFnotifications@nationstarmail.com
Mark T. Domeyer - mdomeyer@denleyinvestment.com
Daniel K Fujimoto - wdk@wolffirm.com
Todd S Garan - ch11ecf@aldridgepite.com, TSG@ecf.inforuptcy.com;tgaran@aldridgepite.com
Michelle R Ghidotti - ECFNotifications@ghidottilaw.com
Philip J Giles - pgiles@allenbarneslaw.com, mvasquez@allenbarneslaw.com
Christina L Goebelsmann -  christina.goebelsmann@sba.gov
Merdaud Jafarnia - bknotice@mccarthyholthus.com, mjafarnia@ecf.inforuptcy.com
Lemuel Bryant Jaquez - bjaquez@mileslegal.com
Sheri Kanesaka - generalmail@alvaradoca.com, Christine.hipp@fnf.com
Leslie M Klott - bankruptcy@zievelaw.com
Ivan M Lopez Ventura - ilecfbknotices@gmail.com, Lopezesq@gmail.com
Amy E Martinez - amy.martinez@geracilawfirm.com, maria.castro@geracilawfirm.com
Matthew J Pero - mpero@afrct.com, bcruz@afrct.com;mrapkine@afrct.com
Casper J Rankin - ecfcacb@aldridgepite.com, CJR@ecf.inforuptcy.com
Cassandra J Richey - ecfcca@ecf.courtdrive.com
Brett P Ryan - ziggy.valerio@unifyfcu.com
Ramesh Singh - claims@recoverycorp.com
Edward T Weber - bknotice@rcolegal.com
Reilly D Wilkinson - rwilkinson@scheerlawgroup.com
Jeffrey N Williams - jwilliams@wargofrench.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.